UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATIVE ENVIRONMENTAL
SOLUTIONS, INC.,

                Plaintiff,

vs.

AIG DOMESTIC CLAIMS, INC., et al.,

                Defendants.
_____/

Civil Action No.
08-CV-13212

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER DISMISSING PLAINTIFF'S CONSPIRACY CLAIM**

On November 13, 2008, this Court issued an Opinion and Order in which it granted in part and denied in part Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(6). Specifically, the Court granted Defendants' motion with respect to Plaintiff's request for declaratory relief, defamation claim, and unfair trade practices claim; but denied the motion with respect to Plaintiff's tortious interference with business expectancies claim. Additionally, the Court declined to dismiss Plaintiff's civil conspiracy claim for the specific reason proffered by Defendants, but the Court nonetheless expressed its "grave concern[] regarding the viability of" the claim in light of the intracorporate conspiracy doctrine. *See* Nov. 13, 2008, Op. & Or. at 19. Accordingly, the Court ordered Plaintiff "to show cause . . . why its civil conspiracy claim should not be dismissed." *Id*.

Plaintiff has submitted a timely reply to the Court's show cause order and Defendants have responded. The Court has had an opportunity to thoroughly review this matter and finds that Plaintiff's civil conspiracy claim is clearly not viable for the reasons discussed below. Therefore,

1

the Court will now grant Defendants' Motion to Dismiss with respect to the civil conspiracy claim.

Under the widely-accepted "intracorporate conspiracy doctrine," "a corporation cannot ordinarily conspire with its agents or employees . . ." *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 429 (6th Cir. 1995).

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1953). In the present case, Plaintiff alleges a conspiracy among three employees of Defendant AIG. Thus, under the general rule, Plaintiff's conspiracy claim is not viable.

However, Plaintiff argues that its civil conspiracy claim is cognizable under an exception to the intracorporate conspiracy doctrine. Under the "independent personal stake" exception, "a conspiracy can exist [among a corporation and its agents and employees] when the employee has an independent personal stake in achieving the object of the conspiracy." *Nurse Midwifery Ass'n v. Hibbett*, 918 F.2d 605, 613 (6th Cir. 1990). According to Plaintiff, this case falls within this exception because Defendants Prang, Datta, and Martell "conspired together for the personal, retaliatory scheme of getting Plaintiff fired by its insured . . ." (Pl.'s Reply at 3.) Plaintiff continues as follows:

> Such a goal/plan is clearly not the goal of an insurance company such as [Defendant AIG]. Quite the contrary, the goal of any environmental insurance company is to ensure that the contaminated environment is properly remediated so its insured is not held liable by a state environmental agency—something not effectuated through the self-serving goal of having a consultant terminated that dared to question reductions being taken on invoicing of an insured to remediate a property.

(*Id.*)

Defendants, on the other hand, argue that Plaintiff's conspiracy claim must be dismissed pursuant to the intracorporate conspiracy doctrine for two reasons. First, Defendants state that the independent personal stake exception cannot possibly apply in this case because "this exception has not been adopted by the Sixth Circuit." (Defs.' Resp. at 2.) Secondly, Defendants contend that "[e]ven if this Court were to consider applying the exception, Plaintiff has failed to allege in its Complaint that the individual Defendants had a personal stake in the conspiracy and has failed to identify the nature of their personal stakes, if any." (*Id.*)

The Court rejects Defendants' first argument because this Court is sitting in diversity and must apply Michigan substantive law under the *Erie* doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). It is therefore irrelevant for the purposes of this action that the Sixth Circuit, applying *federal* law, has declined to recognize the independent personal stake exception. What is relevant is that Michigan courts, applying *Michigan* law, have recognized the independent personal stake exception as a valid exception to the intracorporate conspiracy doctrine. *See, e.g., M&M Graphics Servs, Inc. v. Wiar*, 2003 WL 21419272, at *3 (Mich. Ct. App. June 19, 2003) (recognizing and applying the independent personal stake exception, finding the possible existence of an independent personal stake with respect to a state law civil conspiracy claim where the defendant transferred the plaintiff's money to the accounts of corporations in which the defendant's wife owns a fifty-percent interest); *Blair v. Checker Cab Co.*, 558 N.W.2d 439, 442-443 (Mich. Ct. App. 1996) (recognizing and applying the independent personal stake exception, finding the possible existence of an independent personal stake with respect to a conspiracy claim under state antitrust law where directors of the defendant corporation benefitted personally, in a pecuniary sense, from their decision to adopt a particular bylaw). Therefore, Defendants' first argument is unpersuasive.

Defendants' second argument, however, is well taken. Defendants argue as follows:

3

> Plaintiff's Complaint fails to allege that the individual Defendants had an independent personal stake in the objective of the alleged conspiracy. Furthermore, Plaintiff's Complaint fails to identify the nature of the personal stakes the individual Defendants supposedly had. Rather, Plaintiff claims *for the first time* in its Reply to the Court's Order to Show Cause that the individual Defendants had "conspired together for the *personal*, retaliatory scheme of getting Plaintiff fired by its insured." Even in the Reply, Plaintiff does not identify the nature of the personal stakes of the individual Defendants, but only baldly asserts that they exist.

(Defs.' Resp. at 4) (emphasis in original). The Court agrees.

Count VI of Plaintiff's Complaint, the count containing Plaintiff's civil conspiracy claim, reads, in its entirety, as follows:

### COUNT VI

### CIVIL CONSPIRACY

80. Plaintiff IES incorporates by reference the allegations set forth in paragraphs one through 79 above.

81. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the purpose of causing the breach of Plaintiff's contract with Star 9 and to malign Plaintiff IES' business reputation.

82. Defendants, in combination, conspired to breach Plaintiff's contract with Star 9 and to malign Plaintiff IES' business reputation through fraudulent means.

83. This conspiracy resulted in the illegal, unlawful, and/or tortuous [sic] activities described above.

84. As a result of the conspiracy and Defendants' illegal, wrongful, or tortuous [sic] acts, Plaintiff IES has sustained damages in excess of $400,00.00 [sic], plus interest and attorney fees.

85. Defendants are jointly and severally liable to Plaintiff IES for all of their injuries and damages.

   WHEREFORE, Plaintiff IES respectfully request that this court enter judgment in its favor and against Defendants, jointly, severally and

> individually, for compensatory damages in an amount in excess of $400,00.00 [sic] that is deemed sufficient to compensate Plaintiff IES for its actual, consequential, and incidental losses, including, but not limited to, lost profits, sustained as a result of Defendants' wrongful actions, plus interest, costs and reasonable attorneys fees as permitted by law. Plaintiff IES also requests such further and additional relief this Honorable Court deems appropriate and just.

(Compl. at ¶¶ 80-85.) This Count contains no allegation which could even remotely support the application of the independent personal stake exception in this case. Moreover, the Court has diligently searched the remainder of the Complaint for any hint of the kind of independent and personal stake contemplated by those courts recognizing the exception. Not only is the Complaint entirely devoid of any such allegation, the Court simply cannot imagine what personal stake two claims representatives and a claims supervisor could have in interfering with Plaintiff's business expectancies. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss is granted with respect to Plaintiff's civil conspiracy claim.

IT IS FURTHER ORDERED that this matter shall proceed on Plaintiff's tortious interference with business expectancies claim only.

_s/Bernard A. Friedman_____
Dated: December 2, 2008  BERNARD A. FRIEDMAN
Detroit, Michigan  CHIEF UNITED STATES DISTRICT JUDGE